IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ⎯⎯ D.C.
05 JUN 13 PM 3:34
ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

|  |  |  |
|---|---|---|
| LOUISE AFFLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. <u>2:03-CV2714 B/P</u> |
| | ) | |
| BAPTIST MEMORIAL HOSPITAL | ) | |
| d/b/a BAPTIST MEMORIAL | ) | |
| HOSPITAL-COLLIERVILLE, | ) | |
| | ) | |
| Defendant. | | |

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL

Before the Court is Plaintiff Louise Afflis's Motion to Compel, filed on May 6, 2005 (dkt #44). Defendant Baptist Memorial Hospital filed its response on May 23, 2005 (dkt #47). For the following reasons, the motion is DENIED.

### I. BACKGROUND

The Plaintiff seeks an order from this Court compelling the Defendant to produce a copy of an occurrence report regarding the Plaintiff's slip-and-fall at the Defendant's Collierville location on September 19, 2002. The Defendant argues that the document is protected by attorney-client privilege and the work product doctrine. By letter dated June 3, 2005, and at the Court's request, the Defendant provided the Court with a copy of the two-

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 6-14-05



page report for *in camera* review.

## II. ANALYSIS

The fundamental purpose of the attorney-client privilege is to "encourage full and frank communication between attorneys and their clients." Upjohn Co. v. United States, 449 U.S. 383, 389 (1981). In a diversity case the attorney-client privilege is determined by reference to state law. The parties do not dispute that the Tennessee law of attorney-client privilege should be applied in this case. Union Planters National Bank of Memphis v. ABC Records, et al., 82 F.R.D. 472, 473 (W.D. Tenn. 1979).

The classic statement of attorney-client privilege is:

> The privilege only applies if (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either, (i) an opinion on law, (ii) legal services, or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

Union Planters National Bank of Memphis, 82 F.R.D. at 474; see also Humphreys, Hucheson, & Moseley v. Donovan, 568 F.Supp. 161, 175 (M.D. Tenn. 1983).

In certain situations a corporation may assert the attorney-client privilege. Union Planters National Bank of Memphis, 82 F.R.D. at 474. For the relationship between the person making the

communication and the corporation itself to bring about the privilege, the corporation must show:

> (1) the communication was made for the purpose of securing legal advice; (2) the employee making the communication did so at the direction of his corporate superior; (3) the superior made the request so that the corporation could secure legal advice; (4) the subject matter of the communication is within the scope of the employee's corporate duties; and (5) the communication is not disseminated beyond those persons who, because of the corporate structure, need to know its contents.

Id. at 475 (quoting Diversified Industries, Inc. v. Meredith, 572 F.2d 596, 609 (8th Cir. 1977)); see also Upjohn Co. v. United States, 449 U.S. 383 (1981).

In this case, the Defendant's communication satisfies both tests and thus falls within attorney-client privilege. The Defendant is a client and its attorney was acting as a lawyer when he received the two page report from his client, without the presence of strangers, for the purpose of securing legal advice. The privilege has been claimed and not waived. In addition, according to the affidavit of Lauren Porter, as the Director of Risk Management she requested that Michelle Thomas, RN, prepare the report titled "Confidential Report of Event/Occurrence to BMHCC Attorney," in order to provide the hospital's attorney with the facts surrounding the alleged slip-and-fall for the purpose of securing legal advice. Ms. Porter also stated in her affidavit that this report was not disseminated or distributed beyond those persons who, because of the corporate structure at the hospital,

needed to know its contents.[1]

### III. CONCLUSION

Accordingly, the Court DENIES the motion to compel.

IT IS SO ORDERED.

_____
TU M. PHAM
United States Magistrate Judge

June 13, 2005
_____
Date

---

[1] Because the communication clearly falls within the parameters of attorney-client privilege, this Court need not determine whether the work product doctrine also applies.

-4-

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 49 in case 2:03-CV-02714 was distributed by fax, mail, or direct printing on June 14, 2005 to the parties listed.

---

David A. McLaughlin
COCHRAN CHERRY GIVENS SMITH & BOLTON
One Commerce Square
Ste. 2600
Memphis, TN 38103

James L. Kirby
HARRIS SHELTON DUNLAP COBB & RYDER
One Commerce Square
Ste. 2700
Memphis, TN 38103

Shannon E. Holbrook
HARRIS SHELTON DUNLAP COBB & RYDER
One Commerce Square
Ste. 2700
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT