IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| LOUISE AFFLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | No. 03-2714 B/P |
| BAPTIST MEMORIAL HOSPITAL d/b/a BAPTIST MEMORIAL HOSPITAL-COLLIERVILLE, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING IN PART DEFENDANT'S MOTIONS IN LIMINE

Before the court is defendant Baptist Memorial Hospital's ("Baptist Memorial") Motions in Limine, filed on August 12, 2005 (dkt #56). Plaintiff Louise Afflis filed her response on August 22, 2005. On August 23, 2005, at the court's request, Afflis submitted to the court for its review a copy of Dr. Robert Nucci's deposition transcript and deposition exhibits. The motions were referred to the United States Magistrate Judge for determination. For the reasons below, the motion is GRANTED in part and DENIED in part.

### I. BACKGROUND

Afflis filed a complaint against Baptist Memorial on September 19, 2003. In her complaint, Afflis alleges that on September 19, 2002, she was visiting her hospitalized daughter at Baptist

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 8-25-05

Memorial when, after entering her daughter's hospital room, Afflis slipped and fell on a wet substance on the floor. Afflis's fall allegedly caused her to break her left arm, sprain her left knee, and suffer head, neck, and lower back injuries. She claims that as a result of her fall, she suffers from hip and nerve damage on her left side, loss of vision in her left eye, and experiences vertigo.

On December 10, 2003, the court entered a scheduling order in this case, requiring Afflis to complete her expert witness disclosures by June 19, 2004, as required by Fed. R. Civ. P. 26(a)(2). The scheduling order further required all expert witness depositions to be completed by October 6, 2004. Although the scheduling order was amended on February 28, 2005, that order did not extend the deadlines for expert disclosures, which had since long expired.

On April 8, 2005, an evidentiary deposition was taken of Dr. Robert Nucci, an orthopedic spine surgeon in Tampa, Florida, who began treating Afflis in late December 2003. Although Dr. Nucci was identified by Afflis as her treating physician in Afflis's interrogatory responses, she did not provide Baptist Memorial with an expert report for Dr. Nucci or any other witnesses before the expert disclosure deadline.

During the April 8 deposition, Afflis's counsel showed Dr. Nucci medical bills for expenses incurred by Afflis for treatment she received for her injuries from other physicians and healthcare

providers, totaling approximately $35,000. Dr. Nucci testified that these past medical expenses were reasonable and necessary. (Nucci Dep. at 20-24; Ex. 4) Dr. Nucci also gave his opinion regarding the amount of Afflis's estimated future medical expenses over a five-year period. (Nucci Dep. at 18-19) Nucci further testified about the extent of Afflis's permanent impairment. (Nucci Dep. at 14, 17)

In these motions in limine, Baptist Memorial moves to exclude Dr. Nucci's testimony regarding Afflis's (1) past medical expenses for other healthcare providers; (2) estimated future medical expenses; and (3) permanent impairment, on the grounds that this testimony constitutes expert testimony that Afflis failed to timely disclose as required under Fed. R. Civ. P. 16 and 26(a)(2)(B).[1] Pursuant to Fed. R. Civ. P. 37(c)(1), Baptist Memorial contends that these portions of Dr. Nucci's videotaped deposition testimony must be excluded at trial.

---

[1] Baptist Memorial also seeks to exclude other evidence at trial. (Def. Mot. in Limine at 10-12, items 2 through 7). In her response brief, Afflis states that "Plaintiff is not going to offer any evidence objected to in Numbers 2 & 3 of the Defendant's Motions in Limine relating to brain injury, nerve damage in hip, vertigo, loss of vision, or TMJ. With regard to numbers 4 & 5, they do not require a response as those matters regarding competency of proof and hearsay can be handled by [the] Court during trial. Furthermore, Plaintiff is not going to offer any evidence with regard to items 6 & 7 of the Motions in Limine dealing with the occurrence report already determined to be protected by the attorney-client privilege or the emergency room bill." Thus, the court at this time need only consider the parties' dispute regarding Dr. Nucci's testimony relating to past and future medical expenses and permanent impairment.

-3-

## II. ANALYSIS

### A. Treating Physicians, Expert Testimony, and Rule 26

Fed. R. Civ. P. 26(a) provides that

> [A] party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. . . . [T]his disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case . . . be accompanied by a written report prepared and signed by the witness. . . . These disclosures shall be made at the times and in the sequences directed by the court.

Fed. R. Civ. P. 26(a)(2)(A)-(C). Thus, Rule 26(a)(2) includes two separate types of disclosures: (1) disclosure of the identity of any person who may testify at trial under Federal Rules of Evidence 702, 703 or 705; and (2) a more comprehensive written and signed report, required by Rule 26(a)(2)(B), for a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony. Hawkins v. Graceland, 210 F.R.D. 210, 211 (W.D. Tenn. 2002)(Breen, J.).

A treating physician may testify as to his or her first-hand observations and information gained during his or her treatment of a patient without being required to comply with the disclosure provisions under Rule 26(a)(2)(B). See Fed. R. Civ. P. 26(a)(2) Advisory Committee's Note (1993) ("A treating physician . . . can be deposed or called to testify at trial without any requirement for a written report"); see also Mohney v. USA Hockey, Inc., No.

04-3227, 2005 WL 1655023, at *5-6 (6th Cir. July 14, 2005)(unpublished); <u>Harville v. Vanderbilt Univ., Inc.</u>, 95 Fed.Appx. 719, 724-25 (6th Cir. Aug. 27, 2003)(unpublished); <u>Hawkins v. Graceland</u>, 210 F.R.D. at 211. However, a treating physician who offers an opinion based upon facts that were not learned in the course of treatment of the patient is governed by the expert witness requirements of Rule 26(a)(2)(B). <u>See</u> <u>Hawkins</u>, 210 F.R.D. at 211; <u>Hall v. Sykes</u>, 164 F.R.D. 46, 48 (E.D. Va. 1995). As this court explained in <u>Hawkins</u>,

> A treating physician is not considered an "expert" for purposes of Rule 26 simply by virtue of his or her expertise. . . . The physician is not categorized as an expert witness "if he or she testifies about observations based on personal knowledge, including the treatment of the party." . . . Thus, "to the extent that a treating physician testifies only to the care and treatment of the patient, the physician is not considered to be a 'specially employed' expert and is not subject to the written report requirements of Rule 26(a)(2)(B)." . . . "However, when the doctor's opinion testimony extends beyond the facts disclosed during care and treatment of the patient and the doctor is specially retained to develop opinion testimony, he or she is subject to the provisions of Rule 26(a)(2)(B)." . . . Thus, the application of the Rule 26 disclosure requirements depends on the substance of the treating physician's testimony rather than his or her status. . . .

<u>Id.</u> at 211-212 (internal citations and quotations omitted); <u>Salas v. United States</u>, 165 F.R.D. 31, 33 (W.D.N.Y. 1995)("The relevant question is whether these treating physicians acquired their opinions as to the cause of the plaintiff's injuries directly through their treatment of the plaintiff."); <u>see also</u> <u>Sullivan v. Glock, Inc.</u>, 175 F.R.D. 497, 501 (D. Md. 1997); <u>Brown v. Best</u>

Foods, 169 F.R.D. 385, 387 (N.D. Ala. 1996); Wreath v. United States, 161 F.R.D. 448, 450 (D. Kan. 1995).

### B. Dr. Nucci's Testimony

Applying these legal principles to the present case, the court concludes that testimony concerning the reasonableness and necessity of a patient's past medical expenses constitutes expert testimony under Rule 26(a)(2)(B). See Miller v. Choo Choo Partners, L.P., 73 S.W.3d 897, 909 (Ct. App. Tenn. 2002); Jackson v. Sunkenberg, No. E1999-2271, 2000 WL 66045, at *1-2 (Ct. App. Tenn. Jan. 27, 2000)(unpublished). Dr. Nucci's opinion, as he testified in his deposition, was based on his "education, experience and training," and not on his personal treatment of Afflis. (Nucci Dep. at 66). Dr. Nucci never received nor reviewed these medical bills as part of his treatment of Afflis. To the contrary, it is undisputed that the medical bills for other providers were compiled by Afflis's counsel and shown to Dr. Nucci as part of this litigation. In fact, Baptist Memorial was not informed by Afflis until the morning of Dr. Nucci's deposition that Dr. Nucci intended to testify about Afflis' past medical expenses.[2] Testimony by a treating physician based on information supplied by an attorney litigating a case, rather than derived from the physician's care of the patient, is properly considered expert testimony and is

---

[2] It was at that time that Afflis's counsel provided Baptist Memorial with the "Index of Medical Bills" marked as exhibit 4 to Dr. Nucci's deposition.

governed by Rule 26(a)(2)(B)'s disclosure requirements.³  See Hawkins, 210 F.R.D. at 212 (citing Salas, 165 F.R.D. at 33); Sullivan, 175 F.R.D. at 501.

Similarly, Dr. Nucci's opinion about Afflis's expected future medical bills over a five-year period is outside the scope of his treatment of Afflis. This is not an opinion that he formed during Afflis's treatment; rather, it was an opinion he formed in anticipation of litigation and at the request of counsel. See Kent, 2000 WL 33711516, at *2 ("[t]he issue comes down to whether [the physician] reached her opinions about causation and injury directly through her treatment of [the patient] or whether she developed those opinions close in time to the litigation of this matter and in connection therewith or at the request of counsel."); see also Mohney, 2005 WL 1655023, at *6 ("There is no evidence that Dr. Ramnath reached the same conclusions regarding causation at the time he treated Mohney. As such, it was reasonable for the district court to find that Dr. Ramnath was rendering an expert opinion that was subject to disclosure requirements and to exclude his affidavit for failing to satisfy those requirements."). In the present case, like in Mohney, there is no indication that Dr. Nucci reached the opinions regarding Afflis's five-year estimate for

---

³The two letters referenced in and attached to Afflis's response brief from Dr. Nucci to Dr. Wolstein merely update Dr. Wolstein on Afflis's condition and treatment. The letters have nothing to do with the reasonableness or necessity of Dr. Wolstein's or any other healthcare provider's medical bills.

future medical expenses at the time he treated Afflis. Instead, the five-year estimate was generated by Dr. Nucci in anticipation of litigation, as evidenced by Dr. Nucci's deposition testimony that he was asked by Afflis's counsel to prepare the estimate. (Nucci Dep. at 18)

With respect to Dr. Nucci's testimony regarding Afflis's permanent impairment, the court concludes that this testimony is based on Dr. Nucci's personal knowledge and observations obtained during the course of his care and treatment of Afflis. Unlike his testimony about Afflis's future medical expenses, Dr. Nucci did not reach his conclusions regarding Afflis's impairments at the request of Afflis's counsel, but rather his opinions were formed during and as a part of his treatment of Afflis. (Nucci Dep. at 66-67) Baptist Memorial contends that "plaintiff paid Dr. Nucci [$300] to write a final report regarding his opinion as to permanent impairment." However, this same opinion regarding Afflis's permanent impairment was previously rendered in a letter from Dr. Nucci to Dr. Wolstein dated December 22, 2003 - during the time that Dr. Nucci was treating Afflis. Thus, "the source of the facts which form the basis of [Dr. Nucci's] opinions derive from information learned during the actual treatment of [Afflis]. . . ." Sullivan, 175 F.R.D. 497. Because Dr. Nucci's testimony concerning Afflis's permanent impairment is based on his treatment of Afflis, and is not derived from information supplied by Afflis's counsel or

created in anticipation of litigation, this portion of Dr. Nucci's testimony is not subject to the comprehensive disclosure requirements of Rule 26(a)(2)(B).

**B.      Exclusion of Testimony Under Rule 37**

Under Fed. R. Civ. P. 37(c), "[a] party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial . . . any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1). In order for Dr. Nucci's expert testimony regarding the reasonableness and necessity of past medical bills for other healthcare providers and Afflis's expected future medical expenses to be admitted at trial, Afflis must demonstrate either (1) substantial justification for failing to comply with Rule 26(a)(2)(B), or (2) harmless error. Sullivan, 175 F.R.D. at 503-04.

Afflis has failed to articulate any justification for her failure to comply with Rule 26(a)(2)(B). Expert disclosures were due in June of 2004, and it is undisputed that Afflis never provided Baptist Memorial with any expert reports by that deadline. Moreover, Afflis's failure to comply with Rule 26(a)(2)(B)'s disclosure requirements in a timely manner is not harmless. Trial is scheduled to begin in three days, and if the court were to admit Dr. Nucci's testimony on either of these points, Baptist Memorial would not have their own expert to rebut that testimony. Although

Afflis has been on notice at least since April 2005 – based on defendant's objections at the deposition – that Baptist Memorial opposed Dr. Nucci's testimony on the same grounds which form the basis of the present motion, Afflis took no steps to cure these deficiencies in a timely manner.

### III. CONCLUSION

For the reasons above, Baptist Memorial's motion is GRANTED to the extent it seeks to exclude Dr. Nucci's testimony regarding Afflis's (1) past medical bills for other physicians and healthcare providers and (2) expected future medical expenses.  The motion is DENIED to the extent it seeks to exclude testimony regarding Afflis's permanent impairment.

IT IS SO ORDERED.

_____
TU M. PHAM
United States Magistrate Judge


_August 25, 2005_____
Date

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 69 in case 2:03-CV-02714 was distributed by fax, mail, or direct printing on August 25, 2005 to the parties listed.

---

Shannon E. Holbrook
HARRIS SHELTON DUNLAP COBB & RYDER
One Commerce Square
Ste. 2700
Memphis, TN 38103

James L. Kirby
HARRIS SHELTON DUNLAP COBB & RYDER
One Commerce Square
Ste. 2700
Memphis, TN 38103

David A. McLaughlin
COCHRAN CHERRY GIVENS SMITH & BOLTON
One Commerce Square
Ste. 2600
Memphis, TN 38103

Elijah Noel
HARRIS SHELTON DUNLAP COBB & RYDER
One Commerce Square
Ste. 2700
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT