IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ___ D.C.

05 AUG 26 PM 1:11

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | |
|---|---|
| LOUISE AFFLIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 03-2714 BP |
| ) | |
| BAPTIST MEMORIAL HOSPITAL ) | |
| d/b/a BAPTIST MEMORIAL ) | |
| HOSPITAL-COLLIERVILLE, ) | |
| ) | |
| Defendants. ) | |

## ORDER ON DEFENDANT'S OBJECTIONS TO PLAINTIFF'S DISCLOSURE OF EXHIBITS

Before the court is defendant Baptist Memorial Hospital's ("Baptist Memorial") Objections to Plaintiff's Disclosure of Exhibits, filed on August 12, 2005 (dkt #55). Plaintiff Afflis filed a response on August 23, 2005. On August 23, 2005, at the court's request, Afflis submitted to the court for its review a copy of Dr. Robert Nucci's deposition transcript and deposition exhibits. The matter was referred to the United States Magistrate Judge for determination.

### I. BACKGROUND

Afflis filed a negligence complaint against Baptist Memorial on September 19, 2003. In her complaint, Afflis alleges that on September 19, 2002, she was visiting her hospitalized daughter at

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 8-26-05

(71)

Baptist Memorial when, after entering her daughter's hospital room, Afflis slipped and fell on a wet substance on the floor. Afflis's fall allegedly caused her to break her left arm, sprain her left knee, and suffer head, neck, and lower back injuries. She claims that as a result of her fall, she suffers from hip and nerve damage on her left side, loss of vision in her left eye, and experiences vertigo.

The jury trial is scheduled to begin on August 29, 2005. On August 12, Baptist Memorial filed objections on hearsay grounds to the following exhibits that Afflis intends to introduce at trial: (1) narrative reports prepared at the request of Afflis's counsel by Dr. Robert Nucci and Karen Wolstein; (2) medical records possessed by Drs. Nucci and Wolstein to the extent that these records contain records from other health care providers; (3) medical bills by medical providers other than Dr. Nucci and Baptist Memorial; and (4) an affidavit sworn by Michelle Thomas, R.N., filed November 5, 2004.[1]

Afflis contends that the narrative reports and medical records are admissible under the business records exception to the hearsay rule, under Fed. R. Evid. 803(6). Afflis further argues that the

---

[1] Baptist Memorial also incorporates by reference its objections to the deposition of Dr. Nucci raised in its Motion in Limine. Because the court addressed Baptist Memorial's objections in its August 25 Order Granting in Part Defendant's Motion in Limine, the court will not address Baptist Memorial's objections to the deposition in this order.

Thomas affidavit is admissible as an admission by a party-opponent under Fed. R. Evid. 801(d)(2). Afflis relies on her response to Baptist Memorial's Motion in Limine to oppose Baptist Memorial's hearsay arguments against the admissibility of Afflis's medical bills by medical care providers other than Dr. Nucci and Baptist Memorial.

## II. ANALYSIS

### A. Narrative Reports

The narrative reports prepared by Drs. Wolstein and Nucci are inadmissible hearsay and do not qualify as business records under Fed. R. Evid. 803(6). To qualify under the exception, a report must satisfy the following four requirements:

> (1) it must have been made in the course of a regularly conducted business activity; (2) it must have been kept in the regular course of that business; (3) the regular practice of that business must have been to have made the memorandum; and (4) the memorandum must have been made by a person with knowledge of the transaction or from information transmitted by a person with knowledge.

US v. Weinstock, 153 F.3d 272, 276 (6th Cir. 1998). Here, Dr. Nucci's report was not prepared in the regular course of business, but rather at the direction of Afflis's counsel. (Nucci Dep. at 13-14, 66). Afflis has not shown that it was Dr. Nucci's regular practice to prepare such reports or that the reports were kept in the regular course of his medical practice. Thus, the business record exception does not apply and Dr. Nucci's narrative report is

inadmissible hearsay.[2]

Because no written declaration has been provided (see Fed. R. Evid. 902(11)) nor has any deposition been taken of Dr. Wolstein, or a records custodian, there is no indication at this time that her narrative report was prepared or kept as part of her regular practice. As the proponent of the evidence, Afflis bears the burden of demonstrating that the narrative report is admissible under the business records exception. U.S. v. Brika, 416 F.3d 514 (6th Cir. 2005); Starks-Umoja v. Federal Express Corp., 341 F.Supp.2d 979, 983 (W.D. Tenn. 2003) (McCalla, J.). Having failed to establish at this time that Dr. Wolstein prepared and maintained such reports as part of her regular practice, Afflis has not shown that Dr. Wolstein's narrative report qualifies as a business record.[3]

## B.  Medical Records

The medical records possessed by Dr. Nucci, which includes

---

[2] Afflis also argues that the court should overrule Baptist Memorial's objections with respect to Dr. Nucci's narrative report because it was not objected to at Dr. Nucci's deposition. Under Fed. R. Civ. P. 32, a party objecting to the substance of a deposition on hearsay grounds need not object at the deposition to preserve the objection. Fed. R. Civ. P. 32(b); see also Roth v. Amtrack, 1999 U.S. Dist. LEXIS 19901, at *7 (N.D. Ill. 1999) (unpublished) (concluding that Rule 32(b) does not require a party to preserve an objection by raising it at the deposition).

[3] Should Dr. Wolstein, or a records custodian, testify at trial, her narrative report might be admitted under Fed. R. Evid. 803(6). Dr. Nucci, however, has already testified that he does not produce narrative reports in the ordinary course of business.

records from other health care providers, do not qualify as admissible hearsay under the business records exception. As an initial matter, the fact that Dr. Nucci's records incorporate records of other providers alone does not render the records inadmissible. Dr. Nucci, or a records custodian, could testify only as to his record-keeping process for purposes of Rules 803(6) and 901, and it is not necessary "that the witness who lays the foundation be the author of the record or be able to personally attest to its accuracy." United States v. Duncan, 919 F.2d 981, 986-87 (5th Cir. 1990) (admitting into evidence insurance records that included hospital's business records). Rather, it is sufficient that Dr. Nucci incorporated the medical records of other treating physicians into his own medical records. See United States v. Jakobetz, 955 F.2d 786, 800-01 (2nd Cir. 1992) (creator of document need not testify when document has been incorporated into business records of testifying entity); Falco v. Alpha Affiliates, Inc., 2000 U.S. Dist. LEXIS 7480, at *50 (D. Del. 2000) (unpublished) ("Rule 803(6) permits the admission of business records through the testimony of a witness not affiliated with the third party entity that created the records").

If Afflis can provide a records custodian, or written declaration, to lay the necessary foundation, the portions of Dr. Nucci's and Dr. Wolstein's medical records containing the medical records of other care providers could be admissible. Nevertheless,

based on the present record, the court finds that the records are inadmissible. As the proponent of the medical records, Afflis has the burden of laying an appropriate foundation for their admission into evidence. United States v. Brika, 416 F.3d 514 (6th Cir. 2005); United States v. Pluta, 176 F.3d 43, 49 (2nd Cir. 1999); United States v. Robbins, 197 F.3d 829, 838 (7th Cir. 1999). To establish a sufficient foundation, a custodian of the record or another qualified witness must testify (or provide a written declaration) that the record meets the requirements of Fed. R. Evid. 803(6). United States v. Salgado, 250 F.3d 438, 451-52 (6th Cir. 2001); United States v. Weinstock, 153 F.3d 272, 276 (6th Cir. 1998).

As with his narrative report, there is not indication in the present record that the records have been authenticated, and without the requisite foundation, Dr. Nucci's medical records may not be admitted through the business records hearsay exception. See Starks-Umoja v. Federal Express Corp., 341 F.Supp.2d 979, 983 (W.D. Tenn. 2003) (McCalla, J.). Thus, Baptist Memorial's objection with respect to Dr. Nucci's medical records, to the extent that his records contain records from other health care providers, is therefore sustained at this time.

Likewise, there is nothing to indicate that Dr. Wolstein's medical records have been authenticated. Dr. Wolstein has not been deposed in preparation for trial, nor is she, or a records

custodian, listed by Afflis as among those witnesses who will be or may be testifying at trial. Thus, assuming that Dr. Wolstein fails to lay the requisite foundation for her medical records to be admitted into evidence under Fed. R. Evid. 803(6), Baptist Memorial's objection with respect to Dr. Wolstein's medical records, to the extent that her records contain records from other health care providers, is also sustained.

**C.   Medical Bills**

Baptist Memorial argues that Afflis's medical bills, other than those charged by Dr. Nucci or Baptist Memorial, are inadmissible hearsay. Afflis responds by incorporating her response to Baptist Memorial's Motion in Limine. Afflis's response to Defendant's Motion in Limine, however, does not address Baptist Memorial's hearsay argument. The bills are prima facie hearsay, and thus the court sustains Baptist Memorial's objections with respect to these medical bills.[4]

**D.   Affidavit of Michelle Thomas, R.N.**

Finally, Baptist Memorial objects to the affidavit of Michelle Thomas. Afflis contends that the affidavit is admissible under the party-opponent admission hearsay exclusion provided in Fed. R. Evid. 801(d)(2). A statement offered against a party is not hearsay if it is the party's own statement or a "statement by the

---

[4]The bills might be admissible through a records custodian or written declaration under Rule 803(6).

party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship." Fed. R. Evid. 801(d)(2)(D); see also Peyton v. Kellermeyer Co., 115 Fed. Appx. 825, at *9 (6th Cir. 2004). At the time the affidavit was sworn, Thomas was an employee of Baptist Memorial, and the contents of her affidavit concern her duties and observations as a nurse at Baptist Memorial on the night Afflis allegedly fell. Thus, the affidavit by Thomas fits squarely within the party-opponent admission hearsay exclusion and Baptist Memorial's objection to its introduction into evidence is overruled.

IT IS SO ORDERED.

TU M. PHAM
United States Magistrate Judge

August 26, 2005
Date

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 71 in case 2:03-CV-02714 was distributed by fax, mail, or direct printing on August 26, 2005 to the parties listed.

---

Shannon E. Holbrook
HARRIS SHELTON DUNLAP COBB & RYDER
One Commerce Square
Ste. 2700
Memphis, TN 38103

David A. McLaughlin
COCHRAN CHERRY GIVENS SMITH & BOLTON
One Commerce Square
Ste. 2600
Memphis, TN 38103

James L. Kirby
HARRIS SHELTON DUNLAP COBB & RYDER
One Commerce Square
Ste. 2700
Memphis, TN 38103

Elijah Noel
HARRIS SHELTON DUNLAP COBB & RYDER
One Commerce Square
Ste. 2700
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT