FILED IN OPEN COURT

DATE: 8/29/05

TIME: 1:40 pm

INITIALS: [illegible]

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE, WESTERN DIVISION

LOUISE AFFLIS,

    Plaintiff,

v.                                          No. 2:03CV2714 B/P

BAPTIST MEMORIAL HOSPITAL
d/b/a BAPTIST MEMORIAL
HOSPITAL - COLLIERVILLE,

    Defendant.

---

## ~~PROPOSED~~ JOINT PRE-TRIAL ORDER

---

**1.  CAPTION**

All parties are listed in the caption.

**2.  REMAINING JURISDICTIONAL ISSUES**

None.

**3.  PENDING MOTIONS**

Defendant's Motions in Limine, filed August 12, 2005, are currently pending.

**4.  SUMMARY OF THE CASE**

This case involves a claim by Plaintiff that she fell in a hospital patient room while visiting her daughter at Baptist Memorial Hospital-Collierville. Plaintiff claims her fall was the result of negligence by Baptist. Plaintiff contends that as a result of this fall she sustained various injuries for which he is entitled to compensation from Baptist.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 8-30-05

(72)

Baptist denies that it or its employees engaged in any act that in any way contributed to Plaintiff's alleged fall. Baptist also contends the evidence will show that Plaintiff is exaggerating the extent to which she was injured as a result of the alleged fall.

## 5. RESPECTIVE CONTENTIONS OF THE PARTIES

### A. Contentions of the Plaintiff:

The plaintiff contends that she was injured due to the negligence of the Defendant when she slipped on what appeared to be water left on the floor. According to the defendant's employee, Phillip Vaughn, Baptist normally wet mops the floors of hospital patients between the hours of 7 a.m. - 9 a.m. The defendant keeps no records of when they wet mop any particular patients' rooms. The Plaintiff contends that Baptist Hospital was in exclusive control of Michelle Huber's room and that no other persons had access to her private hospital room except for her husband, Michael Huber, and her mother, Louise Afflis.

The plaintiff contends that after the fall she suffered serious physical injuries which resulted in a ~~fourteen percent (14%)~~ thirty-two percent (32%) impairment to her whole body. Furthermore, the Plaintiff contends she suffered financially as a result of the fall.

### B. Contentions of Defendant:

The plaintiff's daughter, Michelle Huber, was a patient at Baptist Memorial Hospital-Collierville on September 19, 2002.

At approximately 7:30 to 7:45 a.m. on September 19, 2002, plaintiff's son-in-law, Michael Huber left his wife's hospital room and drove to his apartment approximately 10 minutes away to pick up the plaintiff Louise Afflis. Michael Huber and the plaintiff Louise Afflis returned directly to Michelle Huber's hospital room.

According to plaintiff and Mr. Huber, plaintiff fell almost immediately after she entered the hospital room occupied by her daughter. It is significant to note that neither plaintiff, her daughter or her son-in-law immediately contacted or attempted to contact hospital personnel to let them know of plaintiff's fall. Only when the nurse came to check on plaintiff's daughter did they report that plaintiff had fallen. By then however, according to Mr. Huber he wiped up the substance on which plaintiff allegedly fell and there was no evidence on the floor where plaintiff allegedly fell.

No one knows what the liquid was or where the liquid came from that allegedly caused plaintiff's fall. There is no evidence of any container on the floor that would have had liquid in it. Plaintiff has no idea how long the liquid had been there; and the liquid was not there the previous night.

There may be an attempt by plaintiff and others to speculate and to influence the jury to improperly speculate that the liquid was spilled by an employee or any agent of Baptist Memorial Hospital-Collierville or that an employee or agent of Baptist Memorial Hospital-Collierville knew that any liquid was on the floor prior to the fall.

6. **STIPULATIONS**

1. The plaintiff's daughter, Michelle Huber, was a patient at Baptist Memorial Hospital-Collierville on September 19, 2002.

2. At approximately 7:30 to 7:45 a.m. on September 19, 2002, Michael Huber left his wife's hospital room and drove to his apartment approximately 10 minutes away to pick up the plaintiff, Louise Afflis. Michael Huber and the plaintiff Louise Afflis returned directly to Michelle Huber's hospital room.

3. The plaintiff testified in her deposition that she fell almost immediately upon her arrival to the hospital room on September 19, 2002.

4. After the plaintiff reported the fall, Djun Finney, RN, looked around the room, looked under the bed, looked around the bed, and did not see any liquid on the floor or anything that could have leaked onto the floor. Michael Huber testified that he wiped up the wet substance prior to reporting the fall to Djun Finney, RN.

5. The plaintiff does not know what the liquid was or where the liquid came from; she never saw any container on the floor that would have had liquid in it; she has no idea how long the liquid had been there; and the liquid was not thee the previous night.

6. The plaintiff has no idea if the liquid was spilled by an employee or any agent of Baptist Memorial Hospital-Collierville; and she has no idea if an employee or agent of Baptist Memorial Hospital-Collierville knew that any liquid was on the floor prior to the fall.

7. Michael Huber did not notice any liquid on the floor prior to the plaintiff's alleged fall; he has no idea what the liquid was or where the liquid came from; he has no idea how long the liquid was there prior to the fall; he has no knowledge that the substance was put there by an employee or agent of Baptist Memorial Hospital-Collierville; and he does not know of any nurse, employee, or anyone else in the hospital having knowledge of any water or liquid on the floor before the plaintiff's fall.

8. Michelle Huber had not noticed any liquid on the floor prior to the plaintiff's alleged fall; she does not know where the liquid came from; she does not know

what the liquid was; and she does not know of anyone with the hospital having knowledge of any liquid on the floor before the plaintiff's fall.

9. Djun Finney, RN, and Michelle Thomas, RN, the Head Nurse and supervisor over Djun Finney, RN, were on duty on the second floor of Baptist Memorial Hospital-Collierville at the time of the plaintiff's alleged fall on September 19, 2002.

10. Michelle Thomas, RN, had no knowledge and no notice of any wet spot on the floor of Michelle Huber's room prior to the plaintiff's alleged fall; and no employee or agent of Baptist Memorial Hospital-Collierville to her knowledge knew of or had any notice of any wet spot n the floor of Michelle Huber's room prior to the plaintiff's alleged fall.

### 7. CONTESTED ISSUES OF FACT

A. Whether Baptist or its employees were the source of the wet substance on which plaintiff allegedly fell?

B. Whether Baptist had knowledge prior to plaintiff's fall of the existence of the hazardous condition that caused plaintiff's fall?

C. Whether the Plaintiff fell at the Defendant's hospital?

D. Whether Mrs. Afflis was injured in the fall, and if so, what are the extent of her injuries and damage?

### 8. LIST OF EXHIBITS

**Plaintiff's Exhibits**

1. Medical Records from Louise Afflis' treating physicians:

   (a) Robert C. Nucci, M.D.

   (b) Karen Wolstein, D.C.;

2. Medical Bills from Louise Afflis' treating physicians:

    (a) Robert C. Nucci, M.D.;

    (b) Baptist Hospital – Collierville;

    (c) Harish Patel, M.D.;

    (d) Joel Goldberg, D.M.D., P.A.;

    (e) Robert Chuong, D.M.D., P.A.;

    (f) Fred Ferderigos, M.D.;

    (g) Suncoast Total Healthcare (Karen Wolstein, M.D.);

    (h) Richard Leverone, D.C.;

    (i) Tampa Bay Imaging.

3. Transcript and videotape of the deposition of Robert C. Nucci, M.D., taken April 8, 2005;

4. Diagram of room 210 of Baptist Hospital – Collierville.

5. Affidavit of Michelle Thomas, R.N.

6. Affidavit of Lauren Porter.

7. Transcript and videotape of the deposition of Karen Wolstein, D.C.

8. Tax returns of the Plaintiff for the year 2000-2004.

## Defendant's Exhibits

1. Seven Step Cleaning Technique

2. Diagram of typical patient room

3. Diagram of Room 210 drawn by Michael Huber (Exhibit 2 to deposition of Michael Huber)

4. Diagram of Room 210 drawn by Louise Afflis (Exhibit 2 to deposition of Louise Afflis taken May 26, 2004)

5. Photograph of Room 210 at Baptist Memorial Hospital-Collierville

6. Videotapes of surveillance of plaintiff on March 13-15, 2005

7. Videotape of surveillance of plaintiff on April 8, 2005

8. Private investigator's report of surveillance of plaintiff on March 13-15, 2005

9. Private investigator's report of surveillance of plaintiff on April 8, 2005

10. Maintenance records for Room 210

11. Low Back Pain and Disability Questionnaire (Exhibit 4 to deposition of Louise Afflis taken April 8, 2005)

12. Neck Disability Index Questionnaire (Exhibit 4 to deposition of Louise Afflis taken April 8, 2005)

13. Declaration-Affirmation of Authenticity of Patient Statements (Exhibit 5 to deposition of Dr. Robert Nucci)

14. Plaintiff's income tax records for the years 2000, 2001, 2002, 2003, and 2004

15. Medical records of Michelle Huber from Baptist Memorial Hospital-Collierville related to hospitalization in September 2002

16. Plaintiff's records from the following:

a. Baptist Memorial Hospital-Collierville

b. Clarkson & Kidd (Dr. Frederick Clarkson, Dr. Rebecca Reynolds)

c. Diagnostic Imaging Consultants (Dr. Richard Leverone)

d. Tampa Bay Imaging

e. Largo Imaging Center

f. West Coast Neurology (Dr. Harish Patel)

g. Dr. Fred Ferderigos

h. Dr. Philip Christ

| | | |
|---|---|---|
| i. | Farese Physical Therapy Center | |
| j. | Dr. Robert Choung, DMD (Tampa Bay Maxillofacial Surgery) | |
| k. | Dr. Joel Goldberg, DMD | |
| l. | Dr. Raj Naik | |
| m. | Dr. Joseph Rosin (Diagnostic Clinic) | |
| n. | Walgreen's Pharmacy | |
| o. | Winn Dixie Pharmacy | |
| p. | Humana Insurance | |
| q. | Dr. Thad Ferrell | |

The defendant reserves the right to offer any exhibit listed by the plaintiff. The defendant in listing the above-referenced exhibits is not waiving any right to object to the use of all or any portion of the documents listed pursuant to all applicable provisions of the Federal Rules of Evidence or other applicable rule or law.

9. **LIST OF WITNESSES**

**Plaintiff:**

A. **Will Call:**

1. Name:     Louise Afflis
   Address:  19134 Gulf Blvd.
             Indian Shores, FL 33785
             727-595-4688

2. Name:     Michael Huber
   Address:  7719 Hunters Run Drive
             Germantown, TN 38138
             901-624-7678

3.  Name: Michelle Huber
    Address: 7719 Hunters Run Drive
    Germantown, Tennessee 38138
    901-624-7678

4.  Name: Robert C. Nucci, M.D.
    Address: Nucci Medical Center
    6322 Gunn Highway
    Tampa, FL 33625
    813-864-3998

5.  Name: Phillip W. Vaughn
    Address: 39 Beaver Lane
    Tipton, Tennessee
    Phone number unknown

6.  Name: Djun Finney
    Address: 4441 Fair Meadow Road
    Memphis, Tennessee 38117
    Phone number unknown

7.  Name: Michelle Thomas
    Address: 4225 Highway 194
    Rossville, Tennessee
    Phone number unknown

**B.   May Call:**

1. Any witness on Defendant's list of witnesses.

2. Karen Wolstein, D.C.
   Suncoast Spinal, Medical and Rehab Centers
   24945 US Highway 19 North
   Clearwater, FL 33763
   (727) 726-1460

**Defendant:**

**A.   Will Call:**

1. Djun Finney, RN

2. Michelle Thomas, RN

3. Warren Duane

9

**B.** **May Call:**

1. Phil Vaughn
2. Michael Huber
3. Michelle Huber
4. Louise Afflis
5. June Gustus
6. Ryan Barkas
7. Jerry Gaston
8. Phyllis Osborne, RN
9. Dr. Timothy Kemp
10. Carol Pahde, RN
11. Stephanie Austin, RN
12. Custodian of medical records for Baptist Memorial Hospital-Collierville

The defendant reserves the right to call any witness listed by the plaintiff and any rebuttal witness whose testimony could not be reasonably anticipated prior to trial.

**B.** **WITNESSES TESTIFYING BY DEPOSITION:**

None are anticipated to be used by the defendant at this time. However, the defendant reserves the right to introduce or use all or any portion of the depositions taken in this case pursuant to all applicable provisions of the Federal Rules of Civil Procedure and Federal Rules of Evidence.

**10.** **DEPOSITION TESTIMONY**

Plaintiff will offer testimony taken from the deposition of Robert C. Nucci, M.D.

and may offer testimony taken from the evidentiary deposition of Karen Wolstein, D.C.

Defendant incorporates by reference herein Defendant's objections, contained in Defendant's Motion-In-Limine filed August 12, 2005, Docket #56, to portions of the deposition of Dr. Nucci. Defendant also incorporates by reference the objections, Docket #55, also filed August 12, 2005.

### 11. ESTIMATE OF TRIAL LENGTH

Three to four days

### 13. THE CASE IS A JURY TRIAL

### 14. ATTORNEYS INTERESTED

**Plaintiff's Counsel -**

Jock M. Smith, Esq.
David A. McLaughlin, Esq.
The Cochran Firm – Memphis
One Commerce Square, 26th Floor
Memphis, TN 38103
(901) 523-1222

**Defendant's Counsel -**

Elijah Noel, Jr., Esq.
Shannon Holbrook, Esq.
Harris Shelton Hanover Walsh, PLLC
2700 One Commerce Square
Memphis, TN 38103
(901) 525-1455

_____
UNITED STATES DISTRICT JUDGE

DATE: 8/29/05

APPROVED:

_____
Attorney for Plaintiff

_____
Attorney for Defendant

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 72 in case 2:03-CV-02714 was distributed by fax, mail, or direct printing on August 30, 2005 to the parties listed.

---

Shannon E. Holbrook
HARRIS SHELTON DUNLAP COBB & RYDER
One Commerce Square
Ste. 2700
Memphis, TN 38103

David A. McLaughlin
COCHRAN CHERRY GIVENS SMITH & BOLTON
One Commerce Square
Ste. 2600
Memphis, TN 38103

James L. Kirby
HARRIS SHELTON DUNLAP COBB & RYDER
One Commerce Square
Ste. 2700
Memphis, TN 38103

Elijah Noel
HARRIS SHELTON DUNLAP COBB & RYDER
One Commerce Square
Ste. 2700
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT